**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **ALBERT ACEVEDO, JR.,** | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Civil Action No. SA-17-CV-646-XR ) |
| **BAYVIEW LOAN SERVICING, LLC, PHILIP C. REEVES, AND ROBERT AGUILAR,** | ) ) ) ) |
| *Defendants*. | ) ) |

**ORDER**

On this date, the Court considered the status of the above-styled and numbered case. After careful consideration, the Court DISMISSES Defendants Philip C. Reeves and Robert Aguilar as improperly joined and GRANTS Defendant's Motion to Dismiss for Failure to State a Claim (Docket no. 3).

**BACKGROUND**

Plaintiff Albert Acevedo, Jr. alleges that there are impediments to the sale and accounting regarding the amounts owed or reinstatement amounts with respect to the property Plaintiff owns at 1735 W. Craig Place, San Antonio, Texas. Docket no. 1-1 at 1–2. Plaintiff alleges these impediments should prevent foreclosure of the home. *Id.* at 2.

Plaintiff brought this action in the 37th Judicial District Court of Bexar County, Texas, on July 3, 2017, naming as defendants Bayview Loan Servicing, LLC, as well as Philip C. Reeves and Robert Aguilar, Substitute Trustees c/o Shapiro & Schwartz, LLP. Docket no. 1-1. Plaintiff applied for a temporary restraining order and injunction and filed claims for breach of contract and wrongful foreclosure against all Defendants. *Id.* at 1–3.

On July 18, 2017, Defendant Bayview Loan removed the action to this Court on the basis of diversity jurisdiction. Docket no. 1. The notice of removal states that Plaintiff is a resident of Texas. *Id.* at 2–3. The notice of removal also states that Defendant Bayview Loan is a Delaware limited liability company whose principal place of business is in Florida, and that no member of the company is a citizen of Texas. *Id.* at 3. The notice of removal further states that Defendants Reeves and Aguilar are residents of Texas whose citizenship can be disregarded for purposes of diversity jurisdiction because they have been improperly joined. *Id.* The notice of removal alleges that the amount in controversy exceeds $75,000. *Id.* at 3–5.

On July 26, 2017, Defendant Bayview Loan filed a Motion to Dismiss for Failure to State a Claim.

On August 9, 2017, this Court considered its jurisdiction over the removed case and ordered Plaintiff to show cause no later than August 31, 2017, as to why Defendants Reeves and Aguilar should not be dismissed as improperly joined. Plaintiff failed to respond.

## DISCUSSION

### I. Improper Joinder of Defendants Reeves and Aguilar

If Defendants Reeves and Aguilar are properly joined, their citizenship must be considered and there is no diversity jurisdiction. Defendant Bayview Loan argues that Plaintiff names Defendants Reeves and Aguilar as defendants for the sole purpose of avoiding removal. Docket no. 1 at 3. Defendant Bayview Loan contends there is no possibility Plaintiff can maintain a cause of action against Defendants Reeves and Aguilar. This Court agrees with Defendant Bayview Loan and finds that Reeves and Aguilar are improperly joined.

### A. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See id.*

Federal district courts have original jurisdiction over civil actions if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no dispute regarding the amount in controversy, which is alleged to be in excess of $75,000. Docket no. 1. Further, there are no disputes regarding the states of citizenship of any of the parties.

A defendant may remove a case with a non-diverse defendant to a federal forum if the non-diverse defendant is improperly joined. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There are two ways to establish improper joinder: "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is non[-]diverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is non[-]diverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573) (emphasis in original). Because Reeves and Aguilar are in fact non-diverse, the second type of improper joinder is at issue, and the Court must determine whether Plaintiff has stated a cause of action against them. *See id.*

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). In order to meet this burden, the removing party must show that there is no reasonable basis to predict that

the plaintiff might be able to recover against a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 199; *see also Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.").

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Applying these principles, the question for the court becomes whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550

### B. Application

Plaintiff brings claims against Defendants for wrongful foreclosure and breach of contract. Defendant Bayview Loan argues, however, that Defendants Reeves and Aguilar are improperly joined because Plaintiff has not and cannot allege any contract with Defendants Reeves and Aguilar and cannot maintain a breach of contract against either of these Defendants. Docket no. 1 at 5. Defendant Bayside Loan further argues that, because no actual foreclosure has

4

occurred as a result of the temporary restraining order, Plaintiff cannot succeed on a wrongful foreclosure claim. *Id.*

Under Texas law, a trustee has a duty to "act with absolute impartiality and fairness" to both the mortgagor and mortgagee. *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977). A trustee's breach of duty, however, "does not constitute an independent tort; rather, it yields a cause of action for wrongful foreclosure." *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017). But when no actual foreclosure has occurred, a claim of wrongful foreclosure cannot succeed. *Id.* Further, Texas law does not recognize a cause of action for attempted foreclosure. *Gonzalez v. Fifth Third Bank*, 2015 WL 11661766, at *3 (W.D.Tex., 2015) (citing *Filgueira v. U.S. Bank Nat'l Ass'n*, 2013 WL 127559, at *3 (S.D. Tex. 2013), aff'd, 734 F.3d 420 (5th Cir. 2013)).

Plaintiff alleges Defendants failed to give proper notice of the foreclosure sale and are liable for wrongful foreclosure. Docket no. 1-1 at 2. The foreclosure sale, however, never occurred. Because no foreclosure has taken place, Plaintiff can bring no valid wrongful disclosure claim against Defendants Reeves and Aguilar. *Foster*, 848 F.3d at 406; *see also Peterson v. Black*, 980 S.W.2d 818, 822 (Tex.App. San Antonio,1998). Plaintiff also cannot bring an action for attempted foreclosure because no such action exists in Texas. *Gonzalez*, 2015 WL 11661766, at *3. Defendant Bayview Loan has demonstrated that there is no reasonable possibility of recovery against Defendants Reeves and Aguilar in state court because no foreclosure took place.

Plaintiff alleges Defendants' failure to give proper notice constitutes a breach of contract. Docket no. 1-1 at 2. Plaintiff alleges breach of contract using only broad language and a

reference to the Deed of Trust signed July 15, 1998. *Id.* As alleged, Plaintiff has no breach of contract claim because no foreclosure sale took place.

Because Defendants Reeves and Aguilar are improperly joined, this Court lacks subject matter jurisdiction over the claims against them. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

## II. Defendant Bayview Loan's Motion to Dismiss

Defendant Bayview Loan argues that Plaintiff's breach of contract and wrongful foreclosure claims should be dismissed against it because Plaintiff fails to state any cognizable claim against Defendant. Docket no. 3. The Court agrees.

### A. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**B. Application**

Plaintiff first alleges a breach of contract claim against Defendant Bayview Loan. Docket no. 1-1 at 2. To state a claim for breach of contract, Plaintiff must plead and prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained as a result of the breach." *Winchek v. Am. Exp. Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "To be enforceable, a contract must be sufficiently certain to enable a court to determine the rights and responsibilities of the parties." *Id.*

Plaintiff fails to allege facts supporting the specific elements of his breach of contract claim. He simply states, "Defendants actions of not providing proper notice to Plaintiff constitutes breach of contract and wrongful disclosure in that notice was not given to Plaintiff pursuant to the Texas Property Code and the Deed of Trust signed July 15, 1998." Docket no 1-1 at 2. Plaintiff's bare-bones assertion is not specific enough to show the existence of a valid contract, performance by the plaintiff, a breach by the defendant, and damages that resulted from such a breach. Nor can the Court infer these elements. *See Iqbal*, 556 U.S. at 662, 678 (instructing courts to accept only reasonable inferences and to reject legal conclusions couched as factual allegations). Because Plaintiff does not allege facts on all of the necessary elements of his breach of contract claim, Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff next alleges a claim for wrongful disclosure. Docket no. 1-1 at 2. In Texas, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). A foreclosure sale may also be set aside as

invalid if the twenty-day notice of default and twenty-one-day notice of sale required by Chapter 51 of the Texas Property Code are not properly and timely served. See TEX. PROP. CODE § 51.002(b), (d); *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 n.6 (5th Cir. 1989); *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 232–34 (Tex. 1982).

Plaintiff's complaint does not allege facts to support these elements. Because a foreclosure sale has not occurred, Plaintiff cannot allege that there was a grossly inadequate selling price or causal connection between this selling price and a defect in notice. *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) ("No sale took place here, as the state court granted an injunction to prevent the sale of the house. Without a sale of the house, there can be no viable wrongful foreclosure claim under Texas law."). Further, Texas recognizes no cause of action for attempted foreclosure. *Gonzalez*, 2015 WL 11661766, at *3. Accordingly, Plaintiff does not state a valid claim for wrongful foreclosure.

## CONCLUSION

Defendants Reeves and Aguilar are hereby DISMISSED WITHOUT PREJUDICE as improperly joined. Defendant Bayview's Motion to Dismiss (docket no. 3) is hereby GRANTED. Accordingly, Plaintiff's claims against Bayview Loan Servicing, LLC are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and may file a Bill of Costs pursuant to the Local Rules.

SIGNED this 13th day of September, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE